**23MI-CV00118**

Electronically Filed - Mississippi - March 02, 2023 - 10:24 AM

## IN THE CIRCUIT COURT OF MISSISSIPPI COUNTY
## STATE OF MISSOURI

JOSHUA A. MALDONADO,

           Plaintiff,

vs.

MNS1 EXPRESS, INC., an Illinois Corporation
Serve Registered Agent:

Audra Pavilcius Karalius
1 N. Franklin St. Suite 1200
Chicago, IL 60606

and

KENNETH D. WHITE
3475 Kallaher Ave.
Memphis, TN 38122

           Defendants.

Case No:

In Excess of $25,000.00

JURY TRIAL DEMANDED

### PETITION FOR DAMAGES

**COMES NOW** Joshua A. Maldonado ("Maldonado or Plaintiff") by and through his undersigned attorney, and for his causes of action against MNS1 Express, Inc. ("MNS1") and Kenneth D. White ("White") states as follows to the Court:

### GENERAL ALLEGATIONS

1.      Plaintiff is a citizen of the State of Missouri.

2.      At all times relevant herein, Defendant MNS1 was a commercial trucking company and an Illinois Corporation engaged in the business of transporting goods in commerce.

3.      At all times relevant herein, Defendant White was and is a citizen of the State of Tennessee.

EXHIBIT 1

Electronically Filed - Mississippi - March 02, 2023 - 10:24 AM

4.      At all times relevant, MNS1 was operating as an interstate commercial motor carrier.

5.      At all times relevant, MNS1 was operating as a for-hire motor carrier.

6.      At all times relevant herein and at the time of this crash, MNS1 was acting individually and through its drivers, agents, servants, and/or employees, including Defendant White, each of whom were acting within the course and scope of their employment with MNS1.

7.      At all times relevant herein and at the time of this crash, White was operating a 2022 Freightliner in the course and scope of his employment with MNS1.

8.      At all times relevant herein and at the time of this crash, White was operating the 2022 Freightliner in furtherance of the business interests of MNS1.

9.      MNS1, at all relevant times set forth herein, was subject to and required to abide by the rules and regulations contained and set forth in Title 49, Code of Federal Regulations (Federal Motor Carrier Safety Regulations) and RSMo. 307.400 while operating as an interstate commercial motor carrier.

10.      White, at all relevant times set forth herein, was subject to and required to abide by the rules and regulations contained and set forth in Title 49, Code of Federal Regulations (Federal Motor Carrier Safety Regulations) and RSMo. 307.400 while operating a commercial motor vehicle.

11.      At all times herein mentioned, and at the time of this incident, MNS1, individually, and/or through its agents, servants, and/or employees, owned, leased, controlled, and/or operated the 2022 Freightliner that was involved in this crash.

12.      In its relevant parts, the Federal Motor Carrier Safety Regulations define "Motor Carrier" as a for-hire motor carrier or a private motor carrier; including a motor carrier's agents,

Electronically Filed - Mississippi - March 02, 2023 - 10:24 AM

officers, and representatives, as well as employees responsible for hiring, supervising, training, assigning, or dispatching of drivers and employees concerned with the installation, inspection, and maintenance of motor vehicle equipment and/or accessories; this definition includes the term "employer." 49 C.F.R. §390.5.

13.    At all times relevant, MNS1 was a "Motor Carrier" as that term is defined by the Federal Motor Carrier Safety Regulations.

14.    In its relevant parts, the Motor Carrier Safety Regulations define an "Employee" as any individual, other than an employer, who is employed by an employer and who, in the course of his or her employment directly, affects commercial motor vehicle safety. "Employee" includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle). 49 C.F.R. §390.5.

15.    At all times relevant to this case, White was a driver of the 2022 Freightliner, a commercial motor vehicle, and therefore, an "employee," as defined by the Motor Carrier Safety Regulations.

16.    In its relevant parts, the Motor Carrier Safety Regulations define "Motor Vehicle" as any vehicle, machine, tractor, trailer, or semi-trailer propelled or drawn by mechanical power and used upon the highways in the transportation of passengers or property, or any combination thereof determined by the Federal Motor Carrier Safety Administration. 49 C.F.R. §390.5.

17.    At all times relevant to this case, the 2022 Freightliner driven by Farmer was a "motor vehicle," as defined by the Motor Carrier Safety Regulations.

18.    At all times relevant to this case, I-57 in the County of Mississippi, State of Missouri, was an open and public roadway.

Electronically Filed - Mississippi - March 02, 2023 - 10:24 AM

19.     On October 11, 2019, in the morning, RMC, LLC's name, DOT number and MC number were displayed on the commercial motor vehicle being driven by Farmer at the time of the collision further described herein.

20.     On the evening of January 31, 2023, Plaintiff Maldonado was operating his 2016 Ford Taurus northbound on I-57 near mile marker 14.2 in Mississippi County, Missouri.

21.     At the same place and time Defendant White was operating his commercial motor vehicle also traveling northbound on I-57 behind the Plaintiff's vehicle.

22.     Defendant White was traveling too fast for the existing road conditions and failed to yield the right-of-way to Plaintiff and, as a result, his tractor/trailer violently crashed into the rear of Plaintiff's vehicle.

23.     Defendant White's operation of his commercial motor vehicle in this manner was careless, reckless, and negligent and exhibited complete disregard for the safety of Plaintiff and other motorists on the public roadway.

24.     At the aforementioned time and place, White was operating the 2022 Freightliner pursuant to MNS1's motor carrier DOT operating authority.

25.     Plaintiff was in no way negligent in the operation of his vehicle at the time of the crash.

26.     The negligence of MNS1, and the negligence of its drivers, agents, servants, and employees, including White, as described herein, directly and proximately, caused or contributed to cause injury to Plaintiff as described in greater detail herein.

27.     As a direct and proximate result of this crash and the direct and proximate result of the negligence of Defendants, including MNS1, and its agents, servants, and employees, such

as White, Plaintiff sustained server injuries to his head, cervical spine (neck), thoracic spine (mid back), and lumbar spine (lower back) and injuries to his right ribcage.

28.     As a direct and proximate result of this crash and the direct and proximate result of the negligence of Defendants, including MNS1, and its agents, servants, and employees, such as White, Plaintiff Maldonado has experienced pain, suffering, emotional distress, post-traumatic stress disorder, and the loss of enjoyment of life and will likely continue to experience such in the future.

29.     As a direct and proximate result of this crash and the direct and proximate result of the negligence of Defendants, including MNS1, and its agents, servants, and employees, such as White, Plaintiff Maldonado has incurred medical expenses related to the treatment of injuries sustained in the crash.

30.     As a direct and proximate result of this crash and the direct and proximate result of the negligence of Defendants, including MNS1, and its agents, servants, and employees, such as White, Plaintiff Maldonado is now at an increased risk of incurring future medical treatment and expenses.

31.     As a direct and proximate result of this crash and the direct and proximate result of the negligence of Defendants, including MNS1, and its agents, servants, and employees, such as White, Plaintiff Maldonado is reasonably likely to suffer future loss wages and future loss of earning capacity.

Electronically Filed - Mississippi - March 02, 2023 - 10:24 AM

Electronically Filed - Mississippi - March 02, 2023 - 10:24 AM

## COUNT I

## NEGLIGENCE OF DEFENDANT WHITE

**COMES NOW** Plaintiff Joshua A. Maldonado, by and through his attorney, and repeats, incorporates, and re-alleges each and every paragraph and sub-paragraph set forth above as if they were set forth herein at length against Defendant White and further states:

32.     At all times relevant, White was required to obey the Federal Motor Carrier Safety Regulations and safe trucking industry standards while operating a commercial motor vehicle.

33.     At all times relevant, White was required to obey Missouri's statutory Rules of the Road while operating a commercial motor vehicle. RSMo. 304.014

34.     Upon information and belief, at the time of this crash White negligently operated the 2022 Freightliner that caused or contributed to cause this incident on the above stated date and time by:

  a)     Failing to operate the 2022 Freightliner in a careful and prudent manner;

  b)     Driving too fast for conditions in violation of RSMo, Chapter 304, (commonly referred to as Missouri's statutory rules of the road);

  c)     Failing to reduce speed to avoid a collision in violation of RSMo. Chapter 304 (commonly referred to as Missouri's statutory rules of the road);

  d)     Failing to keep a proper lookout;

  e)     Failing to take proper remedial action which could have avoided this collision or minimized the impact;

  f)     Failing to reduce speed to avoid a collision;

  g)     Failing to keep his 2022 Freightliner under control at all times;

  h)     Striking the Plaintiff's vehicle;

Electronically Filed - Mississippi - March 02, 2023 - 10:24 AM

i)      Operating the commercial motor vehicle without adequate training and experience;

j)      Operating the commercial motor vehicle when not properly qualified;

k)      Failing to exhibit the qualities of a professional driver;

l)      Driving while tired and/or fatigued;

l)      Driving while under the unsafe side-effects of prescription medication;

m)     Driving overly aggressively;

n)      Failing to utilize defensive driving tactics;

o)      Failing to maintain a safe following distance behind other motorists;

p)      Failing to maintain a speed that was safe given the weather and road conditions;

q)      Failing to warn other motorists of the impending collision so to allow them time to prepare/potentially avoid/brace for impact; and

r)      Failing to stop his vehicle, slacken his speed, swerve or sound a warning in an attempt to avoid colliding with the other vehicle involved in this crash, when he could and should have done in so in the exercise of the highest degree of reasonable care.

35.     At least one of the negligent acts or omissions by White as described in the above paragraphs and the below paragraphs, was a direct and proximate cause of the crash in question and the resulting severe injuries to Plaintiff.

36.     White knew or should have known that his conduct as described herein created a high degree of probability of injury.

37.     White was not properly qualified to operate the 2022 Freightliner and did not have the required training and experience and was operating in violation of the law and this behavior and conduct was reckless and shows a complete indifference and conscious disregard

7

Electronically Filed - Mississippi - March 02, 2023 - 10:24 AM

for the safety of the motoring public, including Plaintiff.

38.    The operation of the 2022 Freightliner by White and the manner in which it was operated on the public roadways, was willful, wanton, and reckless, and shows complete indifference and conscious disregard for the safety of the motoring public, including Plaintiff.

39.    The conduct of White as described herein, specifically including violations of the rules of the road, the Federal Motor Carrier Safety Regulations, and safe trucking industry standards, as well as other acts and omissions of as described herein, was willful, wanton, and reckless, and shows complete indifference and conscious disregard for the safety of the motoring public, including Plaintiff.

**WHEREFORE** Plaintiff Joshua A. Maldonado prays for judgment against Defendant Kenneth White in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00), taxable costs, prejudgment and post-judgment interest and for such other relief this Court deems just and proper under the circumstances.

<u>**COUNT II**</u>

<u>**NEGLIGENCE PER SE OF DEFENDANT WHITE**</u>

**COMES NOW** Plaintiff Joshua A. Maldonado, by and through his attorney, and repeats, incorporates, and re-alleges each and every paragraph and sub-paragraph set forth above as if they were set forth herein at length against Defendant White and further states:

40.    <u>Section 304.012.1., RSMo.,</u> provides as follows:

i.    Every person operating a motor vehicle on the roads and highways of this state shall drive the vehicle in a careful and prudent manner and at a rate of speed so as not to endanger the property of another or the life or limb of any person and shall exercise the highest degree of care.

Electronically Filed - Mississippi - March 02, 2023 - 10:24 AM

41.    White was negligent per se in that he operated his motor vehicle in violation of said Section by (a) failing to operate the motor vehicle in a careful and prudent manner; (b) by operating his motor vehicle at a rate of speed given the weather and road conditions which endangered the property and life of other persons, especially including Plaintiff, (c) by failing to maintain a safe following distance behind other motorists; (d) by failing to exercise the highest degree of care, and (e) by causing this crash a result thereof.

42.    The above collision was directly and proximately caused by White's careless and negligent violations of MO. REV. STAT. §304.012, and each of Missouri's statutory rules of the road, in that Defendant White operated the 2022 Freightliner in a manner which allowed it to violently crash into the rear of Plaintiff's vehicle.

43.    As a direct and proximate result of Defendant White's violations of MO. REV. STAT. §304.012 and each of them set forth above, Plaintiff sustained the serious, permanent, progressive and disabling bodily injuries and damages as set forth above.

44.    Plaintiff was within the class of persons MO. REV. STAT. §304.012 is designed to protect.

45.    The injuries Plaintiff sustained were of the type that MO. REV. STAT. §304.012 is designed to prevent.

**WHEREFORE** Plaintiff Joshua A. Maldonado prays for judgment against Defendant Kenneth White in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00), taxable costs, prejudgment and post-judgment interest, and for such other relief this Court deems just and proper under the circumstances.

Electronically Filed - Mississippi - March 02, 2023 - 10:24 AM

## COUNT III

## VICARIOUS LIABILTIY AGAINST MNS 1, INC. FOR THE NEGLIGENCE OF DEFENDANT WHITE

**COMES NOW** Plaintiff Joshua A. Maldanado, by and through his attorney, and repeats, incorporates, and re-alleges each and every paragraph and sub-paragraph set forth above as if they were set forth herein at length against Defendant MNS1 and further states:

54.     At the time of this crash, White operated the 2022 Freightliner on a public street, road, thoroughfare, and highway in such a manner that he could not control his commercial motor vehicle to avoid causing this collision.

55.     White negligently operated his commercial motor vehicle in the manners more specifically stated in Counts I and II and thereby caused Plaintiff to suffer serious injuries.

56.     At least one of the negligent acts or omissions by White was a direct and proximate cause of the crash in question and the resulting injuries to Plaintiff.

57.     As a direct and proximate result of the negligence of White, Plaintiff was injured in the manners as specified in paragraphs 27 through 31.

58.     White knew or should have known that his conduct as described herein created a high degree of probability of injury.

59.     White was not properly qualified to operate the 2022 Freightliner, did not have the required training and experience and was operating the commercial motor vehicle in violation of the law and this behavior and conduct was reckless and shows a complete indifference and conscious disregard for the safety of the motoring public, including Plaintiff.

60.     The operation of the 2022 Freightliner by White and the manner in which it was operated on the public roadways, was willful, wanton, and reckless, and shows complete indifference and conscious disregard for the safety of the motoring public, including Plaintiff.

61.     The conduct of White as described herein, specifically including violations of state law and the Federal Motor Carrier Safety Regulations, as well as other acts and omissions of as described herein, was willful, wanton, and reckless, and shows complete indifference and conscious disregard for the safety of the motoring public, including Plaintiff.

62.     At the time of the collision, White was operating in the course and scope of his employment, agency, and/or joint venture with MNS1.

63.     At the time of the collision, White was operating the 2022 Freightliner pursuant to MNS1's operating authority granted by the United States government.

64.     At all times relevant, MNS1 had the right to control the manner in which White transported the load and operated the 2022 Freightliner involved in the collision.

65.     Defendant MNS1 is vicariously liable for the negligent actions of White under the doctrines of *respondeat superior*, agency, joint venture, and/or statutory employment pursuant to 49 CFR 390.5.

**WHEREFORE** Plaintiff Joshua A. Maldonado prays for judgment against Defendant MNS 1 in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00), taxable costs, prejudgment and post-judgment interest, and for such other relief this Court deems just and proper under the circumstances.

Electronically Filed - Mississippi - March 02, 2023 - 10:24 AM

Electronically Filed - Mississippi - March 02, 2023 - 10:24 AM

## COUNT IV
## VICARIOUS LIABILTIY AGAINST MNS1 FOR THE NEGLIGENCE PER SE OF DEFENDANT WHITE

**COMES NOW** Plaintiff Joshua A. Maldonado by and through his attorney, and repeats, incorporates, and re-alleges each and every paragraph and sub-paragraph set forth above as if they were set forth herein at length against Defendant MNS1 and further states:

66.    Missouri has enacted numerous statutes to promote safe driving on its roadways, commonly referred to as Missouri's statutory "Rules of the Road."

67.    Section 304.012.1., RSMo., provides as follows:

> ii.    Every person operating a motor vehicle on the roads and highways of this state shall drive the vehicle in a careful and prudent manner and at a rate of speed so as not to endanger the property of another or the life or limb of any person and shall exercise the highest degree of care.

68.    White was negligent per se in that he operated his motor vehicle in violation of said Section by (a) failing to operate the motor vehicle in a careful and prudent manner; (b) by operating his motor vehicle at a rate of speed given the weather and road conditions which endangered the property and life of other persons, especially including Plaintiff, (c) by failing to maintain a safe following distance behind other motorists; (d) by failing to exercise the highest degree of care, and (e) by causing this crash a result thereof.

69.    The above collision was directly and proximately caused by White's careless and negligent violations of MO. REV. STAT. §304.012, and each of Missouri's statutory rules of the road, in that Defendant White operated the 2022 Freightliner in a manner which allowed it to violently crash into the rear of Plaintiff's vehicle.

12

Electronically Filed - Mississippi - March 02, 2023 - 10:24 AM

70.     As a direct and proximate result of Defendants' violations of MO. REV. STAT. §304.012 as each of them set forth above, Plaintiff Joshua A. Maldonado sustained the serious, permanent, progressive and disabling bodily injuries and damages as set forth above.

71.     Plaintiff was within the class of persons MO. REV. STAT. §304.012 is designed to protect.

72.     The injuries Plaintiff sustained were of the type that MO. REV. STAT. §304.012 is designed to prevent.

73.     At the time White violated MO. REV. STAT. §304.012, he was operating in the course and scope of his employment and/or agency with Defendant MNS1.

74.     Plaintiff therefore seeks to hold MNS1 vicariously liable for White's violation of MO. REV. STAT. §304.012 which resulted in the aforementioned injuries to Plaintiff.

**WHEREFORE** Plaintiff Joshua A. Maldonado prays for judgment against Defendant MNS1 in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00), taxable costs, prejudgment and post-judgment interest, and for such other relief this Court deems just and proper under the circumstances.

## COUNT V
## INDEPENDENT NEGLIGENCE OF DEFENDANT MNS1

**COMES NOW** Plaintiff Joshua A. Maldonado, by and through his attorney, and repeats, incorporates, and re-alleges each and every paragraph and sub-paragraph set forth above as if they were set forth herein at length against Defendant MNS1 and further states:

75.     At all times relevant, Defendant MNS1 was operating as an interstate motor carrier pursuant to authority granted to it by the U.S. Department of Transportation.

13

76.     Throughout its existence, Defendant MNS1 has beem, or should have been, aware of the existence of the Federal Motor Carrier Safety Regulations.

77.     As an interstate motor carrier, Defendant MNS1 has a duty, to follow and comply with the Federal Motor Carrier Safety Regulations.

78.     The various safety regulations included within Parts 385, 390, 391, 392, 393, 395, and 396, of which Defendant MNS1 had a duty to follow, include, but are not limited to, the following:

a.  Defendant MNS1 had an independent duty to require observance by its drivers of any duty or prohibition imposed upon the drivers by the Federal Motor Carrier Safety Regulations. 49 C.F.R. §390.11;

b.  Defendant MNS1 had a duty to not require or permit a driver, including Defendant White, to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle. 49 C.F.R. §392.3;

c.  Defendant MNS1 had a duty to not allow or permit a driver, including Defendant White, to operate a commercial motor vehicle unless that person is qualified to drive a commercial motor vehicle. 49 C.F.R. §391.11.;

d.  Defendant MNS1 had an independent duty not to aid, abet, encourage or require any of its employees to violate the safety regulations contained within Chapter 390. 490 C.F.R. §390.13;

e.  Defendant MNS1 had an independent duty to prohibit its employees from driving

14

Electronically Filed - Mississippi - March 02, 2023 - 10:24 AM

a commercial vehicle unless the employee had first completed and furnished to Defendant MNS1 an application for employment that meets the requirements as set forth in 49 C.F.R. §391.21(b);

f.  Defendant MNS1 had an independent duty to make investigations and inquiries with respect to each driver it employs and to do so in the manner prescribed in 49 C.F.R. §391.23;

g.  Defendant MNS1 had an independent duty to obtain the motor vehicle record of every driver it employs, including Defendant White, at least once every twelve months to determine whether that driver continued to meet the minimum requirements for safe driving or is disqualified to drive a commercial motor vehicle. 49 C.F.R. §391.25;

h.  Defendant MNS1 had an independent duty require each of its drivers, including Defendant White, to furnish it with a list of all violations of motor vehicle traffic laws and ordinances of which he/she has been convicted in the preceding 12 months. 49 C.F.R. §391.27;

i.  Defendant MNS1 had an independent duty to prohibit its employees, including Defendant White, from driving until the driver had successfully completed a road test and been issued a certificate of driver's road test. 40. C.F.R. §391.31;

j.  Defendant MNS1 had an independent duty to ensure that its drivers, including Defendant White, were physically qualified to operate a commercial motor vehicle and that its drivers had undergone the necessary examinations in the required timeframes as set forth within the Federal Motor Carrier Safety

Electronically Filed - Mississippi - March 02, 2023 - 10:24 AM

Regulations. 40 C.F.R. §391 – Subpart E; and

k. Defendant MNS1 had an independent duty to inspect, repair, and maintain, all of the motor vehicles subject to its control, including the motor vehicle operated by Defendant White on the day of the aforementioned crash, and to ensure that the motor vehicle and all of its parts and accessories were in proper operating condition at all times, including at the time of the aforementioned crash. 40 C.F.R. §396.3.

79.    That Defendant MNS1had a duty to comply with the Federal Motor Carrier Safety Regulations including the specific aforementioned regulations.

80.    That it is customary standard in the motor carrier industry to have in place an adequate safety program administered by competent and adequately trained safety personnel to ensure that the motor carrier and its drivers are adhering to the Federal Motor Carrier Safety Regulations, including but not limited the specifically aforementioned regulations.

81.    That, at all times prior to the aforementioned collision, Defendant MNS1 failed to have in place an adequate safety program.

82.    As a result of its inadequate and/or inexistent safety program, Defendant MNS1 violated numerous Federal Motor Carrier Safety Regulations including, but not limited to the specifically aforementioned regulations prior to the aforementioned collision involving Plaintiff.

83.    As a result of its inadequate and/or inexistent safety program, Defendant MNS1 allowed its drivers, including Defendant White, to violate numerous Federal Motor Carrier Safety Regulations including, but not limited to the specifically aforementioned regulations prior to the aforementioned collision involving Plaintiff.

84.    That Defendant MNS1's violation of numerous Federal Motor Carrier Safety

Electronically Filed - Mississippi - March 02, 2023 - 10:24 AM

Regulations, including the specifically aforementioned regulations created a danger to the health, welfare, and safety of the motoring public, including Plaintiff.

85.    Defendant MNS1 was thereby negligent in that it failed to implement an adequate safety program and it violated numerous Federal Motor Carrier Safety Regulations, including but not limited to the specifically aforementioned regulations.

86.    Defendant MNS1 was thereby negligent in that it failed to implement an adequate safety program and it failed to ensure that its agents, employees and drivers, including Defendant White, complied with the Federal Motor Carrier Safety Regulations, including but not limited to the specifically aforementioned regulations.

87.    As a direct and proximate result of the independent negligence of Defendant MNS1, Plaintiff was injured and sustained damages and will continue to be damaged in the manners previously described in this Petition.

88.    Defendant MNS1 knew or had information from which it, in the exercise of ordinary care, could have known that such conduct as described herein created a high degree of probability of injury to the motoring public such as Plaintiff.

89.    The conduct of Defendant MNS1 as described herein, specifically including violations of Missouri state law and the various Federal Motor Carrier Safety Regulations was willful, wanton, and reckless, and shows complete indifference and conscious disregard for the safety of the motoring public, including Plaintiff.

**WHEREFORE** Plaintiff Joshua A. Maldonado prays for judgment against Defendant MNS1 in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00), taxable costs, prejudgment and post-judgment interest, and for such other relief this Court deems just and proper under the circumstances.

Electronically Filed - Mississippi - March 02, 2023 - 10:24 AM

<u>**COUNT VI**</u>

<u>**DIRECT CLAIM AGAINST NMS1 FOR NEGLIGENT HIRING/RETENTION**</u>

**COMES NOW** Plaintiff Joshua A. Maldonado, by and through his attorney, and repeats, incorporates, and re-alleges each and every paragraph and sub-paragraph set forth above as if they were set forth herein at length against Defendant MNS1 and further states:

90.    At all times prior to the aforementioned collision, Defendant MNS1 had a duty, imposed by law and regulation, to diligently and adequately screen potential drivers, including Defendant White to the extent mandated by the Federal Motor Carrier Safety Regulations.

91.    Such duties include, but are not limited to:

a.    Obtaining a completed employment application before permitting an agent, servant, and/or employee drive its commercial motor vehicle. 49 C.F.R. §391.21;

b.    Investigating the agents, servants, and/or employee's driver's employment record during the preceding three years by all reasonable means. 49 C.F.R. §§391.23(a)(2), 391.23(c);

c.    Inquiring into the agent's, servant's, and/or employee's driving record within 30 days after employment begins. <u>49 C.F.R. §391.23(a)</u>;

d.    Requiring a successfully completed road test before commencing employment, and permitting the applicant, agent, servant, and/or employee to drive a commercial motor vehicle. <u>49 C.F.R. §391.31(a)</u>;

e.    Investigating the driver's safety performance history with Department of Transportation regulated employer during the preceding three years. 49 C.F.R. §391.23(2);

Electronically Filed - Mississippi - March 02, 2023 - 10:24 AM

    f.     Ensuring that its driver was physically qualified to operate a 2022 Freightliner (commercial motor vehicle) and had a valid and current DOT medical examiner's certificate. <u>49 C.F.R. §391.41</u>; and

    g.     Ensuring that its driver had no current diagnosis of high blood pressure likely to interfere with the ability to operate a commercial motor vehicle safely. <u>49 C.F.R. §391.41(b)(6)</u>.

92.    Defendant MNS1 had a duty to comply with all of the above and below listed Laws, Federal Regulations, Codes, and/or Missouri Statutes, so as to protect the general public, including the Plaintiff, from the unsafe operation of commercial motor vehicles by its drivers.

93.    Defendant White was unqualified to operate a commercial motor vehicle due to his driving history, inexperience, lack of skill, lack of training, lack of knowledge, and physical medical condition.

94.    Because of Defendant White's aforementioned inadequacies, Defendant MNS1 should not have hired him to operate a commercial motor vehicle.

95.    Defendant MNS1 knew, or through the exercise of ordinary care should have known that Defendant White was unqualified to safely operate a commercial motor vehicle.

96.    By failing to properly and adequately screen and investigate its drivers, including Defendant White, before and during employment, Defendant MNS1 violated numerous Federal Motor Carrier Safety Regulations, including but not limited to those specifically identified in this count.

97.    Had Defendant MNS1 obeyed the Federal Motor Carrier Safety Regulations, including but not limited to those specifically identified in this count, it could have learned that Defendant White was unqualified to safely operate a commercial motor vehicle.

Electronically Filed - Mississippi - March 02, 2023 - 10:24 AM

98.     Defendant White's negligent actions on the day of the collision with Plaintiff were consistent with, related to, and a product of his aforementioned inadequacies in operating a commercial motor vehicle.

99.     Defendant MNS1's negligent actions and omissions in hiring Defendant White, including its violations of the Federal Motor Carrier Safety Regulations, were the proximate cause of the injuries and damages sustained by Plaintiff in the aforementioned motor vehicle collision.

100.     Defendant MNS1's actions and omissions in hiring Defendant White, including their violations of the Federal Motor Carrier Safety Regulations were willful, wanton, and reckless, and demonstrated a complete indifference and conscious disregard for the law and for the safety of others, including Plaintiff.

**WHEREFORE** Plaintiff Joshua A. Maldonado prays for judgment against Defendant MNS1 in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00), taxable costs, prejudgment and post-judgment interest, and for such other relief this Court deems just and proper under the circumstances.

## COUNT VII

## DIRECT CLAIM AGAINST MNS1 FOR NEGLIGENT TRAINING

**COMES NOW** Plaintiff Joshua A. Maldonado, by and through his attorney, and repeats, incorporates, and re-alleges each and every paragraph and sub-paragraph set forth above as if they were set forth herein at length against Defendant MNS1 and further states:

101.     Defendant MNS1 owed the general public, including Plaintiff, a duty to properly train its drivers, including Defendant White, on the safe operation of a commercial motor

Electronically Filed - Mississippi - March 02, 2023 - 10:24 AM

vehicle.

102.    Defendant MNS1 failed to properly instruct Defendant White on the safe operation of a commercial motor vehicle.

103.    Defendant MNS1 owed the general public, including Plaintiff, a duty to properly train its drivers, including Defendant White, on the safety regulations set forth in the Federal Motor Carrier Safety Regulations.

104.    At all times prior to the aforementioned collision, Defendant MNS1 had a duty, imposed by law and regulation, to diligently and adequately screen potential drivers to the extent mandated by the Federal Motor Carrier Safety Regulations.

105.    Such duties include, but are not limited to:

 a) Requiring and verifying that its drivers pass a knowledge and skills test as prescribed by the Federal Motor Carrier Safety Regulations.

 b) Training its drivers on the Federal Motor Carrier Safety Regulations pertaining to medical certification, medical examination procedures, general qualifications, responsibilities, and disqualifications.

 c) Ensuring that its drivers have been properly trained and to show proof of that training with a training certificate.

106.    Defendant MNS1 had a duty to properly instruct its drivers, including Defendant White, on the rules as regulations as contained in Part 392 of the Federal Motor Carrier Safety Regulations which pertain to the safe operation of a commercial motor vehicle.

107.    Defendant MNS1 failed to properly instruct Defendant White on the Federal Motor Carrier Safety Regulations, including those specifically referenced in this count.

108.    Defendant MNS1 owed the general public, including Plaintiff, a duty to provide ongoing safety courses to its drivers, including Defendant White.

Electronically Filed - Mississippi - March 02, 2023 - 10:24 AM

109.    Defendant MNS1 failed to provide adequate continuing safety courses to Defendant White.

110.    Defendant MNS1 had a duty to comply with all of the above and below listed duties, so as to protect the general public, including Plaintiff, from the unsafe operation of commercial motor vehicles by its drivers.

111.    Defendant MNS1 breached its duty to the general public, including Plaintiff, by its failing to properly train Defendant White, its commercial motor vehicle driver, who was unqualified, incompetent and should not have been permitted to operate the 2022 Freightliner.

112.    Based on Defendant White's driving history, inadequate experience, and training, Defendant MNS1 knew or had information from which, in the exercise of ordinary care, it could have known, that White's operation of a commercial motor vehicle created a high degree of probability of injury to other persons operating or traveling in motor vehicles on public roads, streets and highways.

113.    Defendant MNS1 was negligent in failing to properly train its drivers, including Defendant White, on the safe operation of a commercial motor vehicle and the Federal Motor Carrier Safety Regulations.

114.    Defendant MNS1 was negligent in failing to provide continuing education on the safe operation of a commercial motor vehicle and on the Federal Motor Carrier Safety Regulations.

115.    Defendant White's aforementioned negligent actions and/or inactions were consistent with the fact that Defendant MNS1 failed to properly train him in the safe operation of a commercial motor vehicle and/or the adherence to the Federal Motor Carrier Safety Regulations.

Electronically Filed - Mississippi - March 02, 2023 - 10:24 AM

116.    Plaintiff's injuries were directly and proximately caused by Defendant MNS1's breach of and failure to comply with its duty to properly train Defendant White, its commercial motor vehicle driver.

117.    These actions and omissions of Defendant MNS1 relating to this crash were willful, wanton, and reckless, and demonstrated a complete indifference and conscious disregard for the law and for the safety of others, including Plaintiff.

**WHEREFORE** Plaintiff Joshua A. Maldonado prays for judgment against Defendant MNS1 in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00), taxable costs, prejudgment and post-judgment interest, and for such other relief this Court deems just and proper under the circumstances.

## COUNT VIII

## DIRECT CLAIM AGAINST MNS1 BASED UPON NEGLIGENT SUPERVISION/RETENTION

**COMES NOW** Plaintiff Joshua A. Maldonado, by and through his attorney, and repeats, incorporates, and re-alleges each and every paragraph and sub-paragraph set forth above as if they were set forth herein at length against Defendant MNS1 and further states:

118.    Defendant MNS1 owed the general public, including Plaintiff, a duty to continuously evaluate its drivers' performance, including through supervision, and to discharge an incompetent or unsafe driver before he/she injured the public or property.

119.    Defendant MNS1 had a duty to not require or permit a driver, including Defendant White, to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle. 49

Electronically Filed - Mississippi - March 02, 2023 - 10:24 AM

C.F.R. §392.3.

120.    Defendant MNS1 had a duty to inquire into the motor vehicle record of its drivers and give "great weight" to violations such as speeding or reckless driving. 49 C.F.R. §391.25.

121.    Defendant MNS1 had a duty to ensure that its drivers were continuously physically qualified to safely operate the Mack Truck. 49 C.F.R. §391.41, 391.43.

122.    Defendant MNS1 had a duty to maintain a driver qualification file for each driver it employs. 49 C.F.R. §391.51

123.    Defendant MNS1 had a duty to maintain a driver investigation history file for each driver it employs. 49 C.F.R. §391.53.

124.    Defendant MNS1 had a duty to not allow or permit its on-duty drivers to be possession of drugs as listed in 49 C.F.R. §392.4(a).

125.    Defendant MNS1 had a duty to not schedule a run, nor permit, nor require the operation of any commercial motor vehicle between points in such a period of time as would necessitate the commercial vehicle being operated at speeds greater than those prescribed by law. 49 C.F.R. §392.6.

126.    Defendant MNS1 had a duty to comply with all of the above and below listed duties, Rules, Regulations and codes, so as to protect the general public, including the Plaintiff, from the unsafe operation of commercial motor vehicles by its drivers.

127.    Defendant MNS1 breached its above listing duties to the general public, including the Plaintiff, by its failing to properly supervise Defendant White, its commercial motor vehicle driver, who was unqualified, incompetent and should have been discharged prior to this crash.

128.    Based on Defendant White's driving history, lack of supervision and continued

Electronically Filed - Mississippi - March 02, 2023 - 10:24 AM

retention by his employer, Defendant MNS1 knew or had information from which defendant, in the exercise of ordinary care, could have known, that its driver operating a commercial motor vehicle created a high degree of probability of injury to other persons operating or traveling in motor vehicles on public roads, streets and highways.

129.    These actions and omissions of Defendant MNS1 relating to this crash were willful, wanton, and reckless, and demonstrated a complete indifference and conscious disregard for the law and for the safety of others, including Plaintiff.

130.    Plaintiff's injuries were directly and proximately caused by Defendant MNS1's breach of and failure to comply with its duty to properly train Defendant White, its commercial motor vehicle driver.

**WHEREFORE** Plaintiff Joshua A. Maldonado prays for judgment against Defendant MNS1 in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00), taxable costs, prejudgment and post-judgment interest, and for such other relief this Court deems just and proper under the circumstances.

Respectfully submitted,

**COOK BARKETT, PONDER & WOLZ, LC**

By:    /s/Daniel J. Grimm
       Daniel J. Grimm, #59209
       1610 N. Kingshighway, Suite #201
       Cape Girardeau, MO 63701
       (573) 335-6651 – telephone
       (573) 335-6182 – facsimile
       dgrimm@cbpw-law.com – email
       ***Counsel for Plaintiff***