IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

JOSHUA A. MALDONADO,          )
                             )
          Plaintiff,          )
                             )          Case No. 1:23-cv-202-SNLJ
v.                            )
                             )
MNS1 EXPRESS, INC.,          )
                             )
          Defendants.         )

## MEMORANDUM AND ORDER

This matter is before the Court on defendants' motion for a HIPAA Qualified

Protective Order [Doc. 20].  Plaintiff filed this lawsuit against defendants for injuries and

damages sustained as the result of a motor vehicle accident. Plaintiff alleges he sustained

injuries to his head, neck/spine, mid-back, lower back, and his ribcage.  He alleges that he

continues to experience pain, suffering, emotional distress, post-traumatic stress disorder,

and loss of enjoyment of life.  [Doc. 7 ¶¶ 27-28.]

Defendants note that plaintiff has placed his medical condition at issue in this

lawsuit and that defendants seek to obtain medical information regarding plaintiff's

injuries that is protected by the Health Insurance Portability and Accountability Act

("HIPAA").  Defendants' proposed order includes the document requests it will make on

medical providers, and plaintiff objects to the proposed order because defendants seek

records related to "any complaints, injuries, illnesses, or other conditions" involving the

plaintiff.  For example, they seek records regarding sexually transmitted disease, genetic

testing, behavior or mental health services and treatment for alcohol and drug abuse.

Plaintiff objects to these requests as overly broad because, in Missouri, defendants "are not entitled to any and all medical records, but only those medical records that relate to the physical conditions at issue under the pleadings." *Goodman v. Allstate Fire & Cas. Ins. Co.*, No. 22-00383-CV-W-GAF, 2023 WL 5667909, at *6 (W.D. Mo. July 26, 2023) (citing *Missouri ex rel. Jones v. Syler*, 936 S.W.2d 805, 807 (Mo. *banc* 1997)).

Critically, defendants have not filed a reply memorandum or otherwise explained why they cast these very-broad medical record requests as "relevant" to the litigation.

Plaintiff adds that the HIPAA qualified protective order is unnecessary because plaintiff has already provided for the defense with HIPPA compliant authorizations properly limited in scope for all of the providers from whom he has received treatment for the injuries involved in this litigation.  It thus appears defendants already have access to the medical records that are relevant to this proceeding.

Accordingly,

IT IS HEREBY ORDERED that defendants' motion for a HIPAA Qualified Protective Order [Doc. 20] is DENIED.

Dated this 16th day of April, 2024.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE