UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JOSHUA MALDONADO, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 1:23-cv-00202-SNLJ |
| MNS1 EXPRESS, INC., *et al.*, | ) ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on the plaintiff's Motion for Leave to File a First Amended Complaint, [Doc. 47], which the defendants oppose [Doc. 48]. The motion is fully briefed and ripe for adjudication. For the reasons stated below, the motion is granted.

### I. BACKGROUND

Plaintiff Joshua Maldonado filed a Petition for Damages in the Circuit Court of Mississippi County, Missouri against defendants Kenneth White and MNS1 Express, Inc. ("MNS1"). [Doc. 7]. The case was subsequently removed to federal court by defendant MNS1 based on diversity jurisdiction. [Doc. 1]. In the instant motion, plaintiff seeks leave to file an Amended Complaint to add a claim for punitive damages, correct a numbering discrepancy, and amend the request for damages. [Doc. 47].

### II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) allows a party to amend a pleading with leave of Court; such leave should be freely given "when justice so requires." Fed. R. Civ.

P 15(a)(2). "[A]bsent a good reason for denial—such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment—leave to amend should be granted." *Brown v. Wallace*, 957 F.2d 564, 566 (8th Cir.1992) (quoted case omitted).  A proposed amendment is futile when the amended complaint would not survive a 12(b)(6) motion to dismiss for failure to state a claim. *Briscoe v. Cnty of St. Louis, Mo.*, 690 F.3d 1004, 1015 (8th Cir. 2012).

To survive a Rule 12(b)(6) motion, a complaint must allege sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  A plaintiff must plead sufficient factual allegations to raise a right to relief above a speculative level. *Twombly*, 550 U.S. at 555.

### III.  DISCUSSION

Plaintiff seeks leave to add a claim for punitive damages, which was omitted from the Petition filed in state court in accordance with § 510.261.5 RSMo.  Specifically, § 510.261.5 RSMo. states that "[n]o initial pleading in a civil action shall contain a claim for a punitive damage award. Any later pleading containing a claim for a punitive damage award may be filed only with leave of the court."  The Federal Rules of Civil Procedure do not include a similar provision. *Munroe v. Gilster-Mary Lee Corp.*, 1:22-CV-171-SNLJ, 2023 WL 2301738, at *3 (E.D. Mo. Mar. 1, 2023).  Federal Rule of Civil

2

Procedure 8 governs the requirements for pleading in federal court and permits a claim for punitive damages in an initial complaint.  *Id.*  In federal court, Rule 8—not § 510.261.5 RSMo.—applies to procedural issues regarding the pleading standard and the content of a complaint.  *Id.*

Defendant MNS1 opposes the amendment on the basis of futility, arguing that the Amended Complaint fails to state a claim for punitive damages. [Docs. 48 and 49]. Because this case is before the Court based on diversity jurisdiction, state law governs the substantive issues, including whether a claim for punitive damages is sufficiently pled. *Aubuchon v. Tate Trucking, LLC*, 4:24CV189 HEA, 2024 WL 4285880 (E.D. Mo. Sept. 25, 2024).

Section 510.261.3 RSMo. imposes special conditions on the award of punitive damages against an employer or other principal because of the acts of an agent.  In such cases, punitive damages can properly be awarded only if:

> (1) The principal or a managerial agent of the principal authorized the doing and the manner of the act;
>
> (2) The agent was unfit and the principal or a managerial agent of the principal was reckless in employing or retaining him or her;
>
> (3) The agent was employed in a managerial capacity and was acting in the scope of employment; or
>
> (4) The principal or a managerial agent of the principal ratified or approved the act.

Section 510.261.3(1)-(4) RSMo.  Plaintiff alleges that "Defendant MNS1 authorized the doing and manner of White's reckless conduct, or in the alternative, ratified or approved of his reckless acts or omissions after the fact." [Doc. 47-2].  Additionally, in Counts V

3

and VII, plaintiff alleges that this ratification transpired through negligent or nonexistent training.  In Count VI, plaintiff alleges that the ratification transpired by knowingly retaining White despite being unqualified and/or having previous driving infractions that MNS1 knew or should have known about.  In Count VIII, plaintiff alleges that MNS1 failed to properly supervise and did not "give 'great weight' to violations such as speeding or reckless driving."  [Doc. 47-2].

The Court finds that the allegations in the Amended Complaint supporting the punitive damages claim are sufficient to survive a 12(b)(6) motion and, therefore, the amendment is not futile.  Defendants do not object to the requested amendments to correct a numbering discrepancy and to amend the request for damages.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion for Leave to File a First Amended Complaint [Doc. 47] is **GRANTED** and plaintiff **SHALL FILE** the Amended Complaint promptly after receiving this Order.

**SO ORDERED** on this 18th day of July, 2025.

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　STEPHEN N. LIMBAUGH, JR.
　　　　　　　　　　　　　　　　　　　　SENIOR UNITED STATES DISTRICT JUDGE